EBEN SEARS *vs.* COLUMBIAN INSURANCE COMPANY & trustee.

The Bank of Commerce, a corporation organized under the statutes of Massachusetts, being summoned as trustee, made answer denying that it had any goods, effects or credits of the defendant in its hands, and saying that, before the service of the writ upon it, it had transferred all its funds to the National Bank of Commerce, a corporation formed under the laws of the United States. An amendment was then allowed to the plaintiff, changing the name of the supposed trustee to the " National Bank of Commerce." The latter corporation, in reply to an inquiry whether it had funds of the defendant in its hands, made answer saying that it had never been summoned as trustee, but that at the time of the service of the writ upon the Bank of Commerce it had funds of the defendant in its hands. *Held,* that the National Bank of Commerce was chargeable as trustee, it having filed no plea in abatement.

TRUSTEE PROCESS. The Bank of Commerce, a corporation organized under the statutes of Massachusetts, being summoned as trustee, in a writ commenced in the superior court, made answer denying that it had any goods, effects or credits of the defendants in its hands, and saying that, before the service of the writ upon it, it had transferred all its funds and effects of every kind in its hands or possession as a state banking institution to the National Bank of Commerce, a corporation formed under the laws of the United States. An amendment was then allowed to the plaintiff, changing the name of the supposed trustee to the. " National Bank of Commerce." The latter corporation was then inquired of, whether or not, at the date of the service of the writ upon it, it had any moneys, effects or credits of the defendants in its hands, and if so how much ; to which it made answer, saying it never was served with any writ in favor of the plaintiff, unless the service of a writ wherein the Bank of Commerce was summoned as supposed trustee was to be deemed a service upon it, and that, at the time of the service upon that corporation, this corporation had credits of the defendants in its hands equal to the amount of the plaintiff's demand.

Upon these facts the National Bank of Commerce was charged as trustee, and appealed to this court.

*F. A. Brooks*, for the trustee.

*F. C. Loring*, for the plaintiff.

CHAPMAN, J. The Bank of Commerce was originally summoned as trustee and made an answer. An amendment was allowed by which the trustee was called the National Bank of Commerce. If the last named bank had come and answered in abatement that it was a different corporation from the one originally summoned, and not the same, an issue of fact might have been raised which could have been tried by the introduction of appropriate evidence. On such an issue the plaintiff could have contradicted by evidence any of the statements made or evidence adduced in support of the plea. But upon a general answer such evidence is not admissible. The answers and statements sworn to by the trustee are to be considered as true, and cannot be contradicted. All that the plaintiff can do is to allege and

prove other facts not stated or denied by the trustee. Gen. Sts. *c*. 142, § 11. It is for this reason that a general answer is regarded as a waiver of all matters in abatement. Such an answer deprives the court of the power to try the matters thus waived, and the court must now regard the writ in this case as having been served upon the identical party whose name is introduced into the case by the amendment.

The only matter presented to us by the answer is the question whether the trustee named in the writ has funds of the principal defendant in his hands; and, as the National Bank of Commerce admits the possession of funds, it must be charged.